IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 13, 2013

## ROGER BRENT BANKS v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-13-CR-23      Joseph H. Walker, III, Judge**

**No. W2013-00458-CCA-R3-HC  - Filed January 17, 2014**

The *pro se* petitioner, Roger Brent Banks, appeals the summary dismissal of his petition for writ of habeas corpus, arguing that the trial court lacked jurisdiction to sentence him as a child sexual predator and that he therefore should be allowed to withdraw his guilty pleas to aggravated sexual battery.  The State acknowledges that the petitioner is entitled to habeas corpus relief because he was erroneously sentenced as a child predator but argues that the appropriate remedy is the entry of corrected judgments to reflect that the petitioner is to serve his three sentences for aggravated sexual battery at 100% as a violent offender, rather than as a child predator.  We agree with the State.  Accordingly, we reverse the judgment of the habeas court and remand for entry of corrected judgments to reflect the petitioner's correct sentencing status.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded for Entry of Corrected Judgments**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Roger Brent Banks, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

### FACTS

On August 13, 2009, the petitioner pled guilty in the Davidson County Criminal Court to three counts of aggravated sexual battery, a Class B felony, in exchange for a Range I

sentence of eight years at 100% release eligibility for each conviction. Pursuant to the terms of his negotiated plea agreement, two of the sentences were ordered to be served consecutively, for an effective sentence of sixteen years in the Department of Correction. On the petitioner's uniform judgment forms, the "Child Predator 100%" boxes were checked, reflecting that his 100% release eligibility was due to his status as a child predator. In addition, the special conditions box of the judgments contained the notation that the petitioner was subject to lifetime supervision upon release from prison.

On January 23, 2013, the petitioner filed a petition for writ of habeas corpus in the Hardeman County Circuit Court, alleging that his judgments were illegal and void because the trial court lacked jurisdiction to sentence him as a child predator when he had no prior qualifying felonies and his plea agreement did not include any provisions for sentencing as a child predator and lifetime supervision. On January 29, 2013, the habeas court entered an order summarily dismissing the petition on the basis that the trial court had jurisdiction to enter the judgments. Among other things, the court noted in its order that the petitioner had agreed to an effective sixteen-year sentence at 100% for his aggravated sexual battery convictions and that "[t]he only place to indicate 100% on the judgment form under the facts of this case is the place used by the trial judge." Thereafter, the petitioner filed an appeal to this court.

**ANALYSIS**

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). Thus, habeas corpus relief is available only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer v. State, 851 S.W.2d 157, 162, 164 (Tenn. 1993) (citation and internal quotation marks omitted).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers, 212 S.W.3d at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the habeas

court. Id.

The petitioner argues, and the State concedes, that the trial court lacked jurisdiction to sentence him as a child predator. We agree. A trial court does not have the jurisdiction to impose a sentence that "(1) is not authorized by the applicable statutes . . . or (2) directly contravenes an applicable statute." Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010) (emphasis omitted); see also Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) ("[A] sentence imposed in direct contravention of a statute, for example, is void and illegal.").

Examples of illegal sentences for which habeas corpus relief is permissible include "(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where . . . specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute." Cantrell v. Easterling, 346 S.W.3d 445, 452 (Tenn. 2011) (citing Davis, 313 S.W.3d at 759).

The petitioner in this case pled guilty to aggravated sexual battery, which is one of the enumerated offenses in Tennessee Code Annotated section 40-35-501 for which an offender is required to serve 100% of the sentence, less sentence credits earned of up to 15%. See Tenn. Code Ann. § 40-35-501(i)(1), (2)(H) (2010). The 100% release eligibility requirement for the petitioner's aggravated sexual battery offenses should have been noted on the petitioner's judgment form by a check of the "Violent 100%" offender box. See Barry C. Melton v. Arvil Chapman, Warden, No. M2012-00322-CCA-R3-PC, 2013 WL 139561, at *5 (Tenn. Crim. App. Jan. 11, 2013), perm. app. denied (Tenn. May 7, 2013). Instead, the trial court apparently checked the "Child Predator 100%" box under the mistaken belief that it was the proper place to designate the 100% release eligibility of the petitioner's sentences. Sentencing as a child predator, however, requires that the offender have been previously convicted of one or more qualifying predatory offenses. See Tenn. Code Ann. § 39-13-523(a)(3)(B) (2010).

A habeas corpus petitioner whose sentence contains an illegal component is entitled to withdraw his guilty plea only when the illegal component was a "material element" of the bargained-for guilty plea. Summers, 212 S.W.3d at 259. We agree with the State that the record shows only that the petitioner agreed to an effective sixteen-year sentence "at 100%" and, thus, that the erroneous child predator status was not a material element of his plea bargain agreement. Accordingly, the petitioner's relief is limited to entry of corrected judgment forms to reflect his 100% release eligibility as a violent offender, rather than as a child predator, again with the requirement of lifetime supervision. Thus, he is to serve an effective sentence of sixteen years at 100%.

## **CONCLUSION**

Because the petitioner was sentenced as a child predator when he did not have the qualifying prior offenses and did not agree to such sentencing as part of his plea bargain agreement, we grant habeas relief to the extent of remanding the case to the Davidson County Criminal Court for entry of corrected judgments to reflect that his 100% release eligibility is due to his status as a violent offender, rather than as a child predator, and that he is subject to lifetime supervision.


_____
ALAN E. GLENN, JUDGE